entitled to respect as a distinct exposition of the law of this state by
its court of last resort. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to abide
event. All concur.

(38 Misc. Rep. 786.)

### SOULER v. McDOWELL GARMENT MACH. CO.

(Supreme Court, Appellate Term. June, 1902.)

1. CONTRACT OF EMPLOYMENT—ADVANCEMENTS.

   Under a contract of employment by which the employer agrees to make
   a weekly allowance of $8.50 for expenses, and to pay the employé $10
   each week, to be advanced on account of commissions due and to grow
   due to the employé, the employé, having earned no commissions, cannot,
   after termination of the employment, recover the $10 per week for the
   time it continued; this being only on account of commissions.

Appeal from municipal court, borough of Manhattan, Eleventh
district.

Action by Ella R. Souler against the McDowell Garment Machine
Company. From a judgment for plaintiff, defendant appeals. Re-
versed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

Jones, Dodd & Steinbrinck, for appellant.

Rosalie Loew, for respondent.

MacLEAN, J. Instead of a plain and concise statement of the
facts, as required (Code Civ. Proc. § 481), the pleader has put a mis-
representation into her complaint, boldly alleging that, besides an al-
lowance of $8.50 weekly on account of expenses and disbursements,
the defendant agreed "to pay to the plaintiff the sum of $10 each
week." She has also annexed to and made a part of her complaint
an inaccurate and misleading copy of the agreement. In the agree-
ment itself, introduced by the pleader and plaintiff upon the trial,
the provision runs, "will also pay to the party of the second part ten
dollars each week, to be advanced on account of commissions due
and to grow due to the party of the second part", i. e., unless the par-
ties inserted in their writing words to be disregarded as meaningless,
the payments were to be made provisionally in anticipation of adjust-
ment upon accounting, whereat they might be set off, in whole or
in part, or exceeded altogether, by earnings, if any, of commissions.
The plaintiff failed to earn any commissions. She received advances
the first two weeks. Herein she claims for all the weeks remaining
to the date of the termination of the agreement, and she has recov-
ered judgment for the full amount. This is erroneous. Whether she
might have recovered for the advances from week to week, pending
the existence of the agreement, and have been compelled to refund
upon the termination of the relations, is not material. The relation
has terminated, leaving the plaintiff with two weeks' advances to which
she is not entitled. The judgment should be reversed.

Judgment reversed and new trial ordered, with costs to appellant
to abide event. All concur.